UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00144-FDW

| DWAYNE HOYTE DOCKERY, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  **ORDER** |
| | ) |
| ERIK A. HOOKS,[1] | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on initial review of Dwayne Hoyte Dockery's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

## I.   BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, according to his Petition, pled guilty in Buncombe County Superior Court on March 11, 2009, to second-degree murder, obstruction of justice, and burning personal property. (Pet. 1, Doc. No. 1.) He was sentenced to a minimum of 225 months and a maximum of 279 months in prison. (Pet. 1.) He did not file a direct appeal. (Pet. 2.)

On or about April 22, 2015, Petitioner filed a Motion for Appropriate Relief ("MAR") in the Buncombe County Superior Court. See Cert. Pet. 2, Dockery v. State, No. P15-809 (N.C. Ct. App. filed Oct. 21, 2015), available at North Carolina Supreme Court and Court of Appeals

---

[1] Consistent with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254, and by operation of Federal Rule of Civil Procedure 25(d) (applicable to this proceeding pursuant to Rule 12 of the Rules Governing Section 2254 Cases), Erik A. Hooks, Secretary of the Department of Public Safety, has been substituted for "Department Adult Prison" as Respondent in this action

1

Electronic Filing Site and Document Library, https://www.ncappellatecourts.org. He filed an Amended MAR on August 13, 2015, and on August 24, 2015, the trial court denied the amended MAR. <u>See</u> Order Den. Am. MAR, <u>id.</u> at 6. He filed a Petition for Writ of Certiorari seeking review of the trial court's order in the North Carolina Court of Appeals, which was dismissed on November 5, 2015 for failure to comply with Rule 21(c) of the North Carolina Rules of Appellate Procedure. <u>See</u> Docket Sheet, <u>id.</u>

In the interim, Petitioner filed a second MAR in the Buncombe County Superior Court on October, 9, 2015. <u>See</u> State's Resp. to Cert. Pet. 2 ¶ 6, <u>State v. Dockery</u>, No. P16-704 (N.C. Ct. App. filed Sept. 27, 2016), available at https://www.ncappellatecourts.org. The trial court denied Petitioner's second MAR on May 6, 2016. <u>See</u> <u>id.</u> at 2-3 ¶ 4. The North Carolina Court of Appeals denied Petitioner's certiorari petition seeking review of the trial court's order on October 3, 2016. <u>See</u> Docket Sheet, <u>id.</u> He subsequently filed a petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed on March 16, 2017. (N. C. Supreme Court Order 1, Doc. No. 1-1.)

Petitioner filed the instant habeas Petition in this Court on June 6, 2017. He raises the following ground for relief: "[I] was never given any mental evaluation at all for 1st degree murder. Counsel allowed me to plea [sic] guilty to 2nd degree murder in court and saying [sic] I wasn't on any medication which I was on Thorzine at trial." (Pet. 5.)

**II.    STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the

2

power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

**III. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[2] The limitations period is tolled during the pendency of a properly filed state post-conviction action. § 2244(d)(2).

Judgment was entered in this case on March 11, 2009, when Petitioner was sentenced. To the extent he retained the right to a direct appeal subsequent to his guilty pleas, Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal (Pet. 2), Petitioner's conviction became final on or about March 25, 2009, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 365 days until it finally expired on or about March 25, 2010. None of Petitioner's filings in the state courts after that date either resurrected or restarted the statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000). Thus, absent equitable tolling, Petitioner's habeas petition is time-barred under § 2244(d)(1)(A).

---

[2] There are three situations under which the statute of limitations begins to run at a later date, but none of those apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

3

Equitable tolling of the statute of limitations is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

In explaining why the statute of limitations should not bar his Petition, Petitioner states that he has been on medication and did not know how to file in any court. (Pet. 13.) Neither of those explanations is of help to Petitioner.

First, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling. . . ."); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (same)). In other words, Petitioner's lack of knowledge about the law "is neither extraordinary nor a circumstance external to his control." Sosa, 364 F.3d at 512. Second, the fact that Petitioner has been on unidentified medication for an undisclosed period of time is meaningless as he has failed to explain how taking that medication prevented him from

4

filing a federal habeas petition for more than seven years.

## IV: CONCLUSION

Petitioner's § 2254 habeas Petition is untimely under 28 U.S.C. § 2244(d)(1)(A). He has demonstrated neither diligence in pursuing his rights nor that an extraordinary circumstance external to his own control prevented him from timely filing a federal habeas petition. See Holland, 560 U.S. at 649. Consequently, he is not entitled to equitable tolling of the statute of limitations, and his Petition shall be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A);

2. The Clerk of Court shall substitute Erik A. Hooks for "Department Adult Prison" as Respondent in this action; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: July 5, 2017

Frank D. Whitney
Chief United States District Judge